20-2800
Vasquez v. Garland

BIA
Ruehle, IJ
A209 449 607

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand twenty-two.

PRESENT:
RICHARD C. WESLEY,
MICHAEL H. PARK,
BETH ROBINSON,
*Circuit Judges.*

_____

UBERTO GALICIA VASQUEZ,
*Petitioner,*

v.                                                    20-2800
                                                      NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Frederick P. Korkosz, Esq.,
                         Albany, NY.

FOR RESPONDENT:          Brian Boynton, Acting Assistant
                         Attorney General; Keith I.

McManus, Assistant Director; Rachel L. Browning, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Uberto Galicia Vasquez, a native and citizen of Guatemala, seeks review of an August 3, 2020, decision of the BIA affirming an August 24, 2018, decision of an Immigration Judge ("IJ") denying his application for withholding of removal. *In re Uberto Galicia Vasquez,* No. A 209 449 607 (B.I.A. Aug. 3, 2020), *aff'g* No. A 209 449 607 (Immig. Ct. Buffalo Aug. 24, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the IJ's adverse credibility determination because the BIA assumed credibility. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law de novo. *Weng v. Holder*, 562 F.3d 510, 513

2

(2d Cir. 2009); *see also* 8 U.S.C. § 1252(b)(4)(B) ("the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

To qualify for withholding of removal, Vasquez had to show past persecution or that he will "more likely than not" be persecuted in the future. 8 C.F.R. § 1208.16(b); *see Wei Sun v. Sessions*, 883 F.3d 23, 27–28 (2d Cir. 2018) ("Eligibility for withholding of removal requires a clear probability of persecution, *i.e.*, it is more likely than not that the alien would be subject to persecution." (ellipsis and quotation marks omitted)). The agency did not err in finding that Vasquez failed to show past harm that rose to the level of persecution or that his fear of future persecution was objectively reasonable.

Vasquez testified that members of a drug cartel left "papers" at his home telling his family he had to sell drugs or the family "was going to pay for it" and that sometime in 2014 he received a call from people he could not identify asking him to take drugs from one place to another, or across the border. He could not recall if he received one or two

3

calls, but the caller threatened to kill him or someone in his family if he did not sell drugs. He reported the call to the police but could not give the caller's name because he did not know it. He was never physically harmed, and he did not receive threats during the five months before he left Guatemala in 2015. Vasquez testified that that the only physical harm to him or his family was that his sister was killed in 2018; but he did not know who killed her or why. Based on this record, the agency reasonably determined that Vasquez did not demonstrate harm rising to the level of past persecution. *See Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412 (2d Cir. 2006) (noting that courts have "rejected [past persecution] claims involving 'unfulfilled' threats"); *see also Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007) (an applicant cannot claim persecution based on harm to a family member unless the harm was on account of the same protected ground that was the basis of the asylum claim and the applicant was "within the zone of risk" when the family member was harmed).

Vasquez also failed to establish "a clear probability" of future persecution, i.e., that it was "more likely than

4

not" that he would be persecuted if he returned to Guatemala. *Wei Sun*, 883 F.3d at 27–28; *see also* 8 C.F.R. § 1208.16(b)(2). He testified that he stayed in Guatemala for five months without incident after the last threat; his mother, wife, and daughter remained unharmed and had no further communications from cartels or drug dealers; and he had no evidence to connect his sister's death in 2018 to the threats he received before he left Guatemala. *See Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [applicant's] fear is speculative at best.").

Because the agency did not err in finding that Vasquez failed to meet his burden to show past persecution or a clear probability of future persecution, we need not consider his remaining arguments regarding the Guatemalan government's ability to protect him or whether his social group is cognizable. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court